Let's wait for the door to close a little bit. Okay, Mr. McColgan Good afternoon, your honors. My name is David McColgan. I'm the attorney arguing on behalf of Appellant Mr. Adekoya in this bail appeal. In this case, the magistrate, Magistrate Judge Hammer, granted the motion for release on very strict conditions, including 24-hour home incarceration with location monitoring. District Court Judge Sharp, when he reviewed this, did not look at those conditions that were actually imposed. So, I have trouble with the characterization of those as very strict conditions given that Mr. Adekoya proved himself quite capable of victimizing a lot of people without having ever left his apartment. You know, he was working on the internet and enlisting people in the Northern District of New York and obtaining the information that he needed and falsifying what he needed to falsify, again without leaving his apartment. Why is it a strict and meaningful condition to require him to keep on doing what he's been doing? One of the conditions that was proposed by defense counsel that should have been considered by Judge Sharp but wasn't, was the prohibition on any internet-capable devices. That was not imposed by the magistrate judge. It wasn't, but it was proposed. You've been telling us though that those were very strict and adequate conditions regardless of the internet-capable, access to internet-capable devices, right? It was, my position is that the judge should have expressly considered the conditions that were imposed and that were proposed. Usually we say that a district court, we're not going to say that he failed to consider something unless the record indicates that he failed to consider it. So here, the conditions imposed by the magistrate judge were litigated before the district court. The district court says he considered all the possible conditions and you suggested this ban on internet-capable devices. So why should we conclude the district court didn't consider that if it's all before the district court? There's nothing to indicate that he considered them and if we look at barriers, barriers. That's not the standard, right? So first of all, I did list things to indicate that he considered them, but if I'm saying that our normal standard is we won't assume that the district court overlooked the relevant factors unless the record indicates that he overlooked it, is there anything in the record that shows the district court failed to consider these things that were extensively litigated before the district court? Well, what we have is the district court discussing the basis for a substantial risk of flight. You know, that was certainly considered. Then when he gets to conditions, he doesn't mention the conditions that were imposed, he doesn't mention the conditions that were proposed, and he doesn't explain why those would have been insufficient. We need both of those, an explanation of what conditions he considered and an explanation of why those would have been insufficient. And we don't have that. That's what makes barriers, barriers on point here. This court has a difficult time understanding what was the rationale for thinking that a prohibition on internet devices, for example, would not have been sufficient to address the concern that he would use the internet to gather other people's identities. Were you suggesting that we should send it back for the district court to make further findings and give us such an explanation? Exactly, which is what the court did in barriers. This court doesn't have an adequate record to that. How would that even work? So he wouldn't have a phone, he wouldn't have a computer, his wife wouldn't have an internet-capable phone, wouldn't have a computer, there'd be nothing like that in the house. They have a child they need to have access to the world. Do they need to get a landline? I assume he would have a landline, yes. But what was proposed, and a defense counsel noted that this was with the consent of Mr. Adecoya, he discussed it with him, was to have no internet capable devices in the home. Why would that be insufficient? Now the district court could say that, you know, maybe the district court would find that that's insufficient for some reason, but he should have considered that. That's what Barrios Barrios says. He should have considered it on the record. He should have discussed it and rejected it for one reason or another. Exactly, Your Honor. Exactly. Just as he should have considered the 24-hour home incarceration. Why is that insufficient? If the magistrate judge is imposing all of these conditions, including 24-hour home incarceration and monitoring and all of these things, and even that is not sufficient because you would add a ban on all internet-capable devices in the house, given all those conditions, how could it possibly be an abuse of discretion for the district court to say, look, that means he's a pretty big risk of flight? If the argument before me is like all of those conditions are necessary in order to ensure that he doesn't flee? Well, the argument is that that is sufficient to address this. Now the district court looking at those conditions and, you know, very strict conditions have been proposed in other cases as well. And the court doesn't say that, well, if you're asking for those serious strict conditions, that means that there's a serious risk of flight and nothing's going to work. No, you have to look at the proposed conditions and then explain why those would be insufficient. And that's what did not happen in this case. Okay. Thank you very much, Mr. McColgan. Oh, you have reserved time for rebuttal, but let's hear from the athlete, Mr. Clark. Good afternoon, Assistant U.S. Attorney Ben Clark, representing the United States. May it please the court. Your honors, I believe we've briefed all of these issues at length. So unless there are any questions- Maybe you could address why we shouldn't ask the district court to be more explicit about its rejection of conditions. It's supposed to, in pretrial detention, look to make sure it is taking the least restrictive approach. And that would be keeping in his home with his wife and with his child, possibly with no internet access. Why shouldn't we demand the district court examine that more explicitly? So I think at the outset, you have to look at the procedural posture of this case. We moved to revoke the order of release that Adequoya sought the district court to impose. There were no changes in the district court. He asked for Judge Sharp to reimpose Judge Hammer's release order with those conditions. We then litigated extensively in front of Judge Sharp all of the facts that go to each of the four factors under 3142G, which substantially create a substantial risk of flight, and demonstrate that those conditions and any other conditions that you could possibly conceive of, including the phones, which I'll get to in a moment, could not reasonably assure his return to court. Judge Sharp specifically in his decision in order adopted all of the facts that we briefed, that we proffered, and that were not challenged by the appellant at all. He does adopt the facts, but he does say, having found that Adequoya presents a risk of flight, the court must determine whether, despite this risk, there is any condition or combination of conditions that could reasonably ensure his return to the court. Then there's a footnote, and it says a list of conditions available are set forth in 18 U.S.C. 3142 in the subsection. So why is he referencing the menu of possible options when he had before him the particular proposal about what the magistrate judge thought would assure his return to court? I submit that Judge Sharp's decision and order comply in all respects with what's required under 3142I. He's a very experienced judge, and I believe was just following the form that is we've cited is really almost on all fours with this case. There are a lot of conclusions by the court in that case that directly apply to this. One is the court noted in Martyr the defendant had been previously prosecuted at a state level for a crime that where the max was seven years, and he had made all of his appearances there. The Martyr court expressly said that the weight of that was relatively insignificant, given that he was now charged with offenses with a mandatory minimum, facing much more time in federal court. Our cases, our scenario is very similar, where this appellant was released on bail on these relatively minor state felonies. None of these charges carried more than seven years. The New Jersey ones, I believe, are kept at five years. On the only other charge that he's faced this amount of time, he was detained pending trial. The Martyr court also noted that even though the defendant there had been released on bail, on that state charge, he had violated the terms of his probation by committing the new offense, just like Adequoya had has done numerous times. So I think the record clearly demonstrates that Mr. Adequoya is not subject to court supervision. He's not going to avail himself and a bit abide court restrictions. So the argument for why the package of restrictions that the magistrate judge suggested, even with the addition of the device prohibition, is that he would evade those restrictions. Yes, and I think the device, two points I'd like to make, if I may, on the device restriction. First, in the magistrate court, they were only proposing that Mr. Adequoya not possess any internet-capable device. They were not proposing that his wife not possess them. Moreover, the court has no authority to prohibit his wife, who's an uncharged individual, from possessing internet-capable devices, particularly with a young child at home. Well, the condition could be that he has to live in a house without internet-capable devices, and so if she insists on having them, then it just wouldn't be available to him to stay home, right? Yes, but I would also direct the court's attention to... Then he'd have to have home confinement somewhere other than in his home. Right. I mean, you start getting into, you know, there are cases where they've ordered a home security, 24-hour surveillance, and wiretapping of the devices. I mean, at some point you get basically to detention, which is really... Can I just jump back to something that you said right at the very beginning? Am I correct that this was not a case in which the magistrate judge imposed conditions, and then the government went to the district court and said, those conditions are inadequate, you should set a different bail, in effect appealing the magistrate judge's ruling? This was rather a case in which the magistrate judge imposed conditions, those conditions were left in place, the case then proceeds, and the government moves to revoke the release because of violations of the conditions by the defendant. Is that what happened here? That is not what happened here, Your Honor. This was an out-of-district... The appellant was arrested in New Jersey where he lives, so it was an out-of-district Rule 5 appearance in New Jersey, and when you look at the record, it's clear that for the reasons this court has cited in L. Edwie, there was no evidence, minimal evidence presented as to the nature and circumstances of the offense, and no evidence presented to the magistrate as to the weight of the evidence against him. So then the case comes back to New York, and Judge Sharp is presented with essentially making a de novo bail application? Yes, Your Honor. So we obtained a stay in New Jersey of the release order for 24 hours, and then filed a motion to revoke the release order and order pretrial detention. So when you said revoke, that's not because he had evaded so far or violated those conditions. He'd never been released. Correct. 3145, I think, styles it as a motion to revoke, but correct. So with respect to the phones, though, the fundamental issue here as was briefed and is in the unchallenged proffer is that his wife is allowing him to use her bank accounts, her cash apps, her Zelle, to move hundreds and hundreds of thousands of dollars of proceeds through her accounts from this crime. There's no way for probation to be able to monitor her devices and ensure that she's not letting him use them to- Well, that sounds plausible, but is it the case that the district court should have explained that in its order? Well, I think, again, on Martyr, it was a very similar decision where the district court basically complied with the four corners required by 3142I in the decision, and it was brief, and the court said, look, yes, the court should have done a better job. The district court seems to be adopting your proffer, your briefing and the reasons, and kind of just incorporating it all by reference. Yes. So that would have addressed it in greater detail, and the preference might be for the district court to spell out his own analysis rather than just refer to the governments. But there's sufficient record, I submit, for your honors to review the decision making made by Judge Sharp. Under Martyr, a remand is not required. Berrios was a really unique case. This was a- Look at the reasons for the district judge's decision. We don't just rely on what's in the four corners of the order. We just look at the record and determine whether the reasons are apparent from the record. Exactly, your honor. And I submit that the reasons are readily apparent from this record, and unless there are any further questions, thank you very much for your time. Okay, thank you, Mr. Clark. We'll turn back to Mr. McColgan and Honorable. Thank you. Just to address very quickly the question of what was adopted from the government's briefing, the district court is clear that what he was adopting was the argument regarding substantial risk of flight, and he identifies the page numbers. Then when he goes on to the condition or combination of conditions, whether they could reasonably assure appearance, he doesn't expressly adopt the government's argument with regard to that. So even that argument doesn't apply in this case, that, well, he just adopted everything that the government argued. That's not the case. Even assuming that it would be possible somehow to prevent his access to electronic devices via his wife, why would keeping him from using electronic devices stop a risk of flight? Why does that make any difference at all to the risk of flight issue? Well, because the district court or the government argued that, well, it's his access to computers, and it's the fact that he was— Well, that has to do with his ability to continue to perform frauds. Well, that was as to his ability to flee using a false identification. So this goes to his ability to get false identification by using the internet. In any event, all of the arguments that the government has just been presenting should have been issues that the district court addressed, and that simply didn't happen. Instead, we have the district court, so far as we can tell, at best, only looking at the conditions that are mentioned in the Bail Reform Act, and those were not the conditions that were imposed by Judge Hammer, and they did not include, for example, the ban on internet access. So that's something that the district court should have addressed and should have explained why it would be inadequate. But if we look at this record where all of these conditions were litigated before the district court, do you really think that if we sent it back, the district court would say, oh, I didn't think of that package of conditions, and maybe that would prevent him from fleeing? Certainly, Your Honor. I mean, this is a person who, for, you know, he has a record, but it's a record of appearing in court. He's never had a voluntary failure to appear in court. He has very strong community ties. He is facing an extensive sentence, and the possibility of him disappearing into the, you know, another part of this country seems quite plausible to me. Yeah, and this court has noted that there's other cases where people have been facing very serious sentences, where they have been granted bail. So the fact that there's a potential serious sentence, that in itself is not dispositive. It's only one factor. And where you have a nonviolent defendant who has strong community ties, who has always appeared in court, there are substantial grounds for thinking that. How many convictions does he have now? I believe it's four, Your Honor. Two of the arrests in New Jersey were combined into one, and then there's a New Hampshire one, and then there's an earlier New Jersey one. But he's always appeared in court when he has had to appear in court. Okay, thank you very much, Mr. McColgan. The case is submitted.